**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-6900**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC LEE WOODS; REGINA BAILEY WOODS,

Defendants – Appellants.

---

**No. 10-7299**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC LEE WOODS; REGINA BAILEY WOODS,

Defendants – Appellants.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge. (5:05-cr-00131-FL-1; 5:05-cr-00131-FL-2)

---

Submitted:  January 6, 2011        Decided:  February 23, 2011

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Isaac Lee Woods, Regina Bailey Woods, Appellants Pro Se.  S. Katherine Burnette, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Isaac Lee Woods and Regina Bailey Woods appeal the district court's June 17, 2010 order adopting the magistrate judge's report and recommendation and denying several motions, the August 31, 2010 order of garnishment and the August 31, 2010 order dismissing as successive their motion seeking to vacate the criminal judgment. We have reviewed the June 17, 2010 order and the August 31, 2010 order of garnishment and conclude there was no error and affirm for the reasons cited by the district court. See United States v. Woods, No. 5:05-cr-00131-FL (E.D.N.C. June 17, 2010; Aug. 31, 2010). We further conclude that the district court properly dismissed the Woods' motion seeking to vacate the criminal judgments. The Woods did not have authorization from this court to file a second 28 U.S.C.A. § 2255 (West Supp. 2010) motion.

Additionally, we construe the Woods' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for

3

constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2010). The Woods' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we affirm the district court's orders and deny the Woods authorization to file a second 28 U.S.C.A. § 2255 (West Supp. 2010) motion. We also deny the Woods' motions to void the district court's orders, for summary disposition and to strike the United States' brief. We deny the motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4